UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

In re: STOUTT, TREVOR ALLEN           Case No. 3:23-bk-31842-SHB

         Debtor(s)                                     Chapter 7

| | |
|---|---|
| Ann Mostoller | ) |
|      Plaintiff | ) |
| vs. | )    ADV NO. |
| Melanie Stoutt | ) |
| Trevor Allen Stoutt | ) |
|      Defendant | ) |

## COMPLAINT

Ann Mostoller, Trustee, states the following for her Complaint against the Defendants:

1. That Plaintiff is the duly qualified and acting Trustee for the Debtor's bankruptcy case.

2. Plaintiff files this action for authorization to sell the real estate owned by the Debtor, Trevor Allen Stoutt, free and clear of liens under 11 U.S.C. §363(f)(3) and further to sell the interest of the Defendant, Melanie Stoutt, the co-owner in the property pursuant to 11 U.S.C. §363(h).

3. Jurisdiction is predicated upon 28 U.S.C. §1334 and §157. This action is a core proceeding under the provisions of 28 U.S.C. §157(b)(2)(N).

4. Plaintiff avers that the Debtor is a co-owner with his ex-wife, Melanie Stoutt, of a house and lot located 8637 Foust Hollow Rd, Knoxville, TN 37938 and more particularly described as follows:

**8637 Foust Hollow Rd – PARCEL ID: 011 09701**

**SITUATED in District Six (6) of Knox County, Tennessee, and lying on the Northwest side of Foust Hollow Road, and being more particularly bounded and described as follows:**

**BEGINNING on an iron pin in the Northwest side of Foust Hollow Road right-of-way, said iron pin being located 975 feet from the point of intersection of Foust Hollow Road and Salem Church Road; thence running with other property of Mrs. S. E. Welch, North 35 degrees 39 minutes West 439.27 feet to an iron pin, comer of Welch and the property herein described; thence running with other property of Mrs. S. E. Welch and property herein described, North 44 degrees 51 minutes East, 100 feet to an iron pin, comer to property of Gideon and the property herein described; thence running with the Gideon property line, South 35 degrees 29 minutes East, 458.74 feet to an iron pin in the Northwest side of Foust Hollow Road; thence running with the Northwest side of Foust Hollow Road right-of-way, South 56 degrees 04 minutes West 100 feet to the point of BEGINNING containing 1.02 acres, according to survey of Marshall H. Monroe, Surveyor, dated January 28, 1983.**

**TOGETHER WITH an easement for ingress and egress as more particularly described in the Easement Deed dated May 21, 1991, from Elbert Gideon to Michael Smith and wife, Christine Smith recorded in Deed Book 2041, page 220, in the Register's Office for Knox County, Tennessee.**

**BEING the same property conveyed by Quit Claim Deed from Sandra Kay Stoutt to Trevor A. Stoutt and wife, Melanie B. Stoutt, dated April 30, 2018, of record as Instrument No. 201804300064070, in the Register's Office for Knox County, Tennessee.**

**THIS conveyance is made subject to applicable restrictions, building setback line, existing easements, and to all conditions as shown on the recorded plat.**

5. The Defendants were divorced in Knox County and the Marital Dissolution Agreement awards the property to Defendant, Melanie Stoutt, subject to certain contingencies but that there is no record of this transfer in the Register of Deeds office for Knox County.

6. Said property is subject to the lien of Home Federal Bank in the amount of approximately $51,000.00.

7. Plaintiff intends to sell said property subject to the lien of Home Federal Bank and to pay Home Federal Bank in full from the proceeds of the sale.

8. Plaintiff avers that, based on the testimony of the Defendant/Debtor, the sale of the real estate will produce sufficient funds to satisfy the lien against the property and should produce assets for the benefit of the bankruptcy estate.

9. Plaintiff further avers that pursuant to 11 U.S.C. §363(h) she may sell both the estate's interest and the interest of any co-owner in the property since the Debtor had, at the time of the commencement of the case, an undivided interest as tenant in common.

    A. since the property is a residence, partition in kind of such property between the estate and co-owner is impracticable;

    B. sale of the estate's undivided interest in such property would realize significantly less for the estate than the sale of such property free of the interest of the co-owner;

    C. the benefit to the estate of the sale of such property free of the interest of co-owner outweighs the detriment, if any, to such co-owner; and

    D. such property is not used in the production, transportation or distribution of sale of electric energy or of natural or synthetic gas for heat, light, or power.

10. Plaintiff proposes to list the real estate with a licensed real estate broker in the state of Tennessee.

WHEREFORE, the plaintiff prays as follows:

A. That a summons issue and be served on the Defendants, together with a copy of this complaint, and that Defendants be required to answer within the time required by law.

B. That the Court issue an order authorizing the Plaintiff to sell the above-described real property of the estate or authorizing the Plaintiff, prior to the consummation of said sale, to tender said property to the co-owner upon payment by the co-owner of one-half of the fair market value to the Plaintiff.

C. That the Plaintiff be granted such further relief as the Court deems just.

DATED May 21, 2024.

/s/ Ann Mostoller
Ann Mostoller, #001146
Attorney for Trustee
136 South Illinois Ave., Suite 104
Oak Ridge, TN 37830
(865) 482-4466
bdavis@msw-law.com